(No. 55371.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. JAMES D. COLE, Sr., *et al.*, Appellees.

*Opinion filed April 16, 1982.—Rehearing
denied May 27, 1982.*

Tyrone C. Fahner, Attorney General, of Springfield, and John A. Barra, State's Attorney, of Peoria (John X. Breslin and Terry A. Mertel, of the State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.

Robert H. Rice, Stephen R. Rice, and Richard A. Aguirre, of Belleville, for appellees.

JUSTICE MORAN delivered the opinion of the court:

On January 15, 1980, a three-count indictment was returned against defendants, James D. Cole, Sr., and James D. Cole, Jr. Count I of the indictment charged defendants with solicitation (to commit murder) in that they *requested* William Haley, a special agent for the Department of Law Enforcement, to murder Robert H. Jones. Count II of the indictment charged defendants with solicitation (to commit murder) in that they *encouraged* Haley to murder Jones. Count III charged defendants with conspiracy (to commit murder). Following a jury trial in the circuit court of Peoria County, the defendants were acquitted on counts I and III. The jury was unable to reach a verdict on count II, which charged defendants with solicitation by encouragement. A mistrial was therefore declared as to count II. After denying defendants' motion to dismiss that count, the trial court ordered a second trial. Following the second jury trial, defendants were convicted, and each was sentenced to a five-year prison term. The appellate court reversed the judgments of conviction, holding that defendants' second solicitation trial violated the double-jeopardy provisions of our Federal and State constitutions. 98 Ill. App. 3d 309.

This review presents one issue: Did defendants' second

trial for solicitation (to commit murder) by encouraging Haley to murder Jones violate the double jeopardy provisions of the United States and Illinois constitutions.

Both the fifth amendment to the United States Constitution and article I, section 10, of the Illinois Constitution protect persons from being placed twice in jeopardy for the same offense. In addition, section 3—4(a) of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1979, ch. 38, par. 3—4(a)) provides:

> "A prosecution is barred if the defendant was formerly prosecuted for the same offense, based upon the same facts, if such former prosecution:
>> (1) Resulted in either a conviction or an acquittal or in a determination that the evidence was insufficient to warrant a conviction."

Section 8—1 of the Code (Ill. Rev. Stat. 1979, ch. 38, par. 8—1(a)) provides:

> "Solicitation.
> (a) Elements of the offense.
> A person commits solicitation when, with intent that an offense be committed, he commands, encourages or requests another to commit that offense."

The State concedes that there is only one crime of solicitation. It argues, however, that acquittal of solicitation by *requesting* another to commit an offense (count I) does not bar reprosecution for solicitation by *encouraging* another to commit an offense (count II) when the jury, in the first trial, was unable to reach a verdict on the latter count. Defendants argue that their acquittal on count I constituted an acquittal of the entire solicitation offense, thereby barring their reprosecution under any theory of solicitation.

We first note the well-established principle that a mistrial carries different double-jeopardy ramifications than an acquittal or, for that matter, in some instances, a dismissal. As the United States Supreme Court stated in *Lee v. United States* (1977), 432 U.S. 23, 29-30, 53 L. Ed.

2d 80, 87, 97 S. Ct. 2141, 2145:

> "[W]e recognized [in *United States v. Jenkins* (1975), 420 U.S. 358, 365 n.7, 43 L. Ed. 2d 250, 256 n.7, 95 S. Ct. 1006, 1011 n.7] that it was 'of critical importance' that the proceedings in the trial court had terminated 'in the defendant's favor' rather than in a mistrial. ***
>
> *** The critical question is whether the order contemplates an end to all prosecution of the defendant for the offense charged. A mistrial ruling invariably rests on grounds consistent with reprosecution, see *United States v. Jorn*, 400 U.S. 470, 476, 27 L. Ed. 2d 543, 91 S. Ct. 547 (1971) (plurality opinion), while a dismissal may or may not do so."

It is also well established that a court may properly declare a mistrial and discharge a jury when it is apparent the jury is hopelessly deadlocked (*People v. Bean* (1976), 64 Ill. 2d 123, 127-28 citing *People v. Mays* (1962), 23 Ill. 2d 520, 524) and that, in the absence of an abuse of discretion by the trial court when it discharges a jury because of its failure to reach a verdict, the constitutional prohibition against double jeopardy does not bar a new trial. (*People v. Bean* (1976), 64 Ill. 2d 123, 128; *People v. Nilsson* (1970), 44 Ill. 2d 244, 246. See *United States v. Jorn* (1971), 400 U.S. 470, 27 L. Ed. 2d 543, 91 S. Ct. 547; *United States v. Perez* (1824), 22 U.S. (9 Wheat.) 579, 6 L. Ed. 165.) Here, there is no claim that the trial court abused its discretion by discharging the jury and declaring a mistrial on count II. Thus, a reprosecution on that count would not normally be barred by the constitutional prohibition against double jeopardy. The question then becomes whether defendants' acquittal on count I, based on another theory of the same offense, transcends the general rule allowing reprosecution under the same indictment after a mistrial has been declared.

In support of their argument that reprosecution on count II is barred, defendants cite *People v. Allen* (1974), 56 Ill. 2d 536, *cert. denied* (1974), 419 U.S. 865, 42 L. Ed. 2d 102, 95 S. Ct. 120, the case upon which the appellate court principally relied in reaching its decision. In *Allen,* the defendant was charged by indictment with two counts of murder under sections 9—1(a)(1) and (a)(2) of the Code (Ill. Rev. Stat. 1967, ch. 38, pars. 9—1(a)(1), (a)(2)). The trial court instructed the jury under sections 9—1(a)(1) and (a)(2), as well as under section 9—1(a)(3) for felony murder, a theory under which defendant had not been charged. The defendant was convicted of murder. He appealed, contending that felony murder was a distinct crime from murder as defined in sections 9—1(a)(1) and (a)(2) of the Code and that it was a denial of due process for the court to instruct the jury on an offense with which he had not been charged. The court rejected this argument and found that defendant was aware of the State's felony-murder theory and was not misled in preparing a defense. This court also stated:

"Under section 9—1 there is but one crime of murder, not three separate and distinct offenses as the defendant's argument assumes. Each of subparagraphs (1), (2) and (3) under section 9—1(a) describes the mental state or the conduct of the defendant which must accompany the acts which cause the death. *If the defendant were charged with murder under subparagraph (a)(1) and acquitted, he could not again be charged and tried for murder of the same individual under subparagraph (a)(2) or (a)(3).* Thus, there is no possibility that the defendant in this case could have been twice put in jeopardy. Also, the provision of our statute covering the effect of a former prosecution (Ill. Rev. Stat. 1967, ch. 38, par. 3—4) prohibits a subsequent prosecution of the defendant under

such circumstances." (Emphasis added.) (56 Ill. 2d 536, 543.)

See also *United States ex rel. Harris v. Illinois* (7th Cir. 1972), 457 F.2d 191, 197, *cert. denied* (1972), 409 U.S. 860, 34 L. Ed. 2d 106, 93 S. Ct. 147; *People v. Johnson* (1976), 65 Ill. 2d 332, 337-39; *People v. Rosochacki* (1969), 41 Ill. 2d 483, 491-92.

We find *Allen* inapplicable. In that case, there was a single prosecution in which defendant was found guilty under a theory not alleged in the indictment. The court referred to double jeopardy in finding the variance between the charge alleged and the proof adduced at trial to be nonfatal.

We agree that the State cannot charge a defendant under one theory and, following an acquittal under that theory, subsequently recharge and prosecute under another theory for the same offense. However, that is not what occurred in the instant case. In contrast to the hypothetical alluded to by the above-quoted language in *Allen,* this case does not involve a reprosecution based upon a theory of the same offense that was not previously charged. Request and encouragement are two disjunctive methods by which the offense of solicitation can be committed and reflect the legislature's intent to include varying degrees of involvement on the part of the solicitor. Here, the State charged defendants with solicitation under two theories, each brought under a separate count. The jury acquitted defendants of only solicitation by request. Its inability to reach a verdict as to solicitation by encouragement is not tantamount to an acquittal under such theory.

To allow the acquittal under count I to bar retrial under count II would, in effect, create an anomaly. On one hand, reprosecution would be precluded when two theories of an offense are split into two counts, with one count resulting in acquittal and the other in mistrial

because of the jury's inability to reach a verdict. Yet, if, in the instant case, solicitation by encouragement and solicitation by request were charged in the same count, and had the jury been unable to reach a decision under the encouragement theory, it is reasonable to assume that the jury would have been unable to return a verdict on the entire count. In that event, the declaration of a mistrial would have resulted in a reprosecution without any double jeopardy violations. Under the circumstances of this case, we hold the reprosecution of defendants for solicitation (to commit murder) by encouraging agent Haley to murder Robert Jones was not barred by the constitutional or statutory prohibitions against double jeopardy.

Accordingly, the judgment of the appellate court is reversed and the judgments of the circuit court of Peoria County following defendants' second trial are affirmed.

*Appellate court reversed;*
*circuit court affirmed.*