THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PETER J. KENNEDY, Defendant-Appellant.

Third District   Nos. 3—86—0302, 3—86—0397 cons.

Opinion filed October 9, 1987.

Robert Agostinelli and Thomas A. Lilien, both of State Appellate De-

fender's Office, of Ottawa, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, of Chicago, and Nathan Maddox and Mark L. Rotert, Assistant Attorneys General, of Springfield, of counsel), for the People.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

Pursuant to Illinois Supreme Court Rule 604(f) (107 Ill. 2d R. 604(f)), defendant Peter J. Kennedy appeals from a pretrial order entered in the circuit court of Marshall County denying a defense motion for discharge from prosecution on double jeopardy grounds.

In 1983 defendant was indicted for two counts of murder and two counts of reckless homicide for causing the death of Jacqueline Lou by driving his car upon a sidewalk and into a crowd of people in Henry, Illinois. One count of voluntary manslaughter was later added by information. Defendant was tried before a jury and convicted on four counts; he was acquitted on one murder charge. The trial court sentenced him to 20 years' imprisonment on the murder conviction and a concurrent three-year sentence on one reckless homicide conviction.

Defendant appealed, and this court reversed the convictions on the ground that the verdicts were inconsistent and that, under *People v. Hoffer* (1985), 106 Ill. 2d 186, 478 N.E.2d 335, defendant was entitled to a new trial. (*People v. Kennedy* (1985), 132 Ill. App. 3d 1166 (unpublished Rule 23 order).) Upon remand, the State dismissed the voluntary manslaughter count. Defendant moved for discharge from prosecution on the remaining charges on the ground that the acquittal on one count of murder barred any further prosecution for murder or any lesser form of homicide. Defendant has appealed from the pretrial order denying that motion. (In a related appeal, decided this same day, the State has appealed from the trial court's dismissal of three additional charges which the State attempted to file after this cause was remanded for a new trial. *People v. Kennedy*, 161 Ill. App. 3d 197.)

In this appeal, defendant contends that the principles of double jeopardy should bar the retrial of the murder and reckless homicide charges upon remand because he was acquitted of one murder charge. Section 9—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 9—1(a)) provides in part:

"A person who kills an individual without lawful justification

commits murder if, in performing the acts which cause the death:

> (1) He either intends to kill or do great bodily harm to that individual or another, or knows that such acts will cause death to that individual or another; or
>
> (2) He knows that such acts create a strong probability of death or great bodily harm to that individual or to another *** ."

The jury acquitted defendant of the murder charge brought under section 9—1(a)(1) (that he knew his acts would cause death) and convicted him of murder under section 9—1(a)(2) (that he knew his acts created a strong probability of death).

He argues that there is only one crime of murder under section 9—1 and that an acquittal of a charge under subparagraph (a)(1) is a bar to being charged and tried under other subparagraphs of section 9—1. The Illinois Supreme Court so held in *People v. Allen* (1974), 56 Ill. 2d 536, 309 N.E.2d 544, where the defendant was claiming that felony murder under section 9—1(a)(3) was a distinct crime from murder under the other two subsections of section 9—1(a). The supreme court stated:

> "Under section 9—1 there is but one crime of murder, not three separate and distinct offenses ***. Each of subparagraphs (1), (2), and (3) under section 9—1(a) describes the mental state or the conduct of the defendant which must accompany the acts which cause the death. If the defendant were charged with murder under subparagraph (a)(1) and acquitted, he could not again be charged and tried for the murder of the same individual under subparagraph (a)(2) or (a)(3)." 56 Ill. 2d 536, 543, 309 N.E.2d 544, 547.

■ We agree that *People v. Allen* and other cases cited by defendant are good and proper authority for the proposition that an acquittal of murder under one subsection of section 9—1 is a bar to the bringing of additional charges under another subsection. But this principle does not dispose of the matter before us, for defendant would apparently prefer that we ignore the fact that he was also *convicted* of murder by the jury that tried him.

Where a defendant is charged with two different theories of the same offense, it has been held that an acquittal under one theory and a mistrial as to the other does not bar a retrial as to the latter. In *People v. Cole* (1982), 91 Ill. 2d 172, 435 N.E.2d 490, the defendants were charged with solicitation to commit murder by *requesting* a third party to murder the intended victim and also with solicitation to com-

mit murder by *encouraging* the third party. The jury acquitted the defendants on the solicitation by request but failed to reach a verdict on the solicitation by encouragement, and a mistrial was declared as to the latter count. The defendants were retried and convicted of solicitation by encouragement, and on appeal they claimed that the retrial was barred by the guarantee against double jeopardy. The Illinois Supreme Court said:

"We agree that the State cannot charge a defendant under one theory and, following an acquittal under that theory, subsequently recharge and prosecute under another theory for the same offense. However, that is not what occurred in the instant case. \*\*\* [T]his case does not involve a reprosecution based upon a theory of the same offense that was not previously charged. Request and encouragement are two disjunctive methods by which the offense of solicitation can be committed and reflect the legislature's intent to include varying degrees of involvement on the part of the solicitor. Here, the State charged defendants with solicitation under two theories, each brought under a separate count. The jury acquitted defendants of only solicitation by request. Its inability to reach a verdict as to solicitation by encouragement is not tantamount to an acquittal under such theory." (91 Ill. 2d 172, 177, 435 N.E.2d 490, 492.)

The court then held that the reprosecution of defendants for solicitation by encouragement was not barred by constitutional or statutory prohibitions against double jeopardy.

In the case at bar, of course, there was not a mistrial but rather a reversal on appeal on the ground that the verdicts of conviction were inconsistent. As a general rule, the reversal of a conviction on appeal on a ground other than sufficiency of the evidence does not bar reprosecution of the defendant for the same offense of which he had originally been convicted. (*Wilson v. Meyer* (7th Cir. 1981), 665 F.2d 118.) We hold that the trial court did not err in denying defendant's motion for discharge.

By leave of court, defendant has filed a *pro se* brief in which he asserts two additional errors. First, he argues that further prosecution is barred by double jeopardy because a mistrial was declared after 12 jurors were selected and sworn in an attempt to retry defendant in Marshall County circuit court. Defendant admits in his brief that he made an oral motion for mistrial which was the basis for the court's order, but he claims that "prosecutorial and judicial overeaching [*sic*]" led him to do so. He also claims that the State is attempting to wear him down with a third trial. The law is clear that

where a mistrial is attributed to defendant, a retrial is not barred by double jeopardy. (*People ex rel. Roberts v. Orenic* (1981), 88 Ill. 2d 502, 431 N.E.2d 353.) From the record before us, it is clear that the trial court's attempt to impanel an impartial jury in Marshall County did not amount to overreaching. As to the claim that the State is attempting to wear defendant down with repeated trials, he ignores the fact that the first attempt at retrial came as a result of *his* appeal and the next one from *his* motion for mistrial. Double jeopardy is not a bar to a retrial on the charges which were remanded by this court for a new trial.

■ Defendant also contends that this court erred in not reaching the question of the sufficiency of the evidence in the first appeal as required in *People v. Taylor* (1979), 76 Ill. 2d 289, 391 N.E.2d 366. This issue does not involve the principle of double jeopardy and, hence, may not be raised in this appeal. Furthermore, our decision in defendant's first appeal is final and not subject to reconsideration.

■ Taken with this appeal is a motion by the State to dismiss the appeal as "a meritless and frivolous attempt to delay further proceedings on this matter in the trial court." This appeal was taken from the trial court's pretrial ruling pursuant to Supreme Court Rule 604(f) (107 Ill. 2d R. 604(f)), which permits a defendant to appeal denial of a motion to dismiss on grounds of former jeopardy. We deny the State's motion to dismiss this appeal. As our discussion of the issues presented by this appeal indicates, we believe the issue of double jeopardy is not frivolous under the circumstances here.

For the reasons stated, we affirm the orders of the circuit court of Marshall County and remand for further proceedings.

Affirmed and remanded.

HEIPLE and SCOTT, JJ. concur.