THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JAMES D. COLE, SR., *et al.*, Defendants-Appellants.

Third District No. 3—90—0274

Opinion filed July 5, 1991.

Harry Williams and Parker & Halliday, both of Peoria, Law Offices of Patrick A. Tuite, Ltd., of Chicago, and James R. Wyrsch, of Kansas City, Missouri (Patrick Tuite and Richard E. Halliday, of counsel), for appellants.

Kevin W. Lyons, State's Attorney, of Peoria (Chris Fredericksen, Assistant State's Attorney, of counsel), for the People.

JUSTICE HAASE delivered the opinion of the court:

The defendants, James D. Cole, Sr., and James D. Cole, Jr., appeal from the trial court's dismissal of their petition to set aside their convictions for solicitation (to commit murder). We affirm.

In 1980, the defendants were convicted by a jury of solicitation (to commit murder). The indictment charged that the defendants encouraged William Haley, a special agent for the Illinois Department of Law Enforcement, to murder attorney Robert H. Jones. Prior to the original trial, the defendants filed a discovery motion requesting that the State indicate whether there had been any electronic surveillance of the defendants' conversations. The State in its answer indicated that the defendants' conversations had been listened to on extension phones. The State, however, did not indicate whether any of those conversations had been recorded. At trial, Haley testified that none of the conversations that he or Elbert Martin (another State's witness) had had with the defendants had been recorded.

The trial court sentenced the defendants to serve five years in prison. Thereafter, the defendants' convictions were affirmed on appeal. *People v. Cole* (1982), 91 Ill. 2d 172, 435 N.E.2d 490.

On August 31, 1989, the defendants filed a petition pursuant to section 2—1401 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401), to set aside their convictions. The defendants alleged, *inter alia*, that tape recordings of their conversa-

tions had been made and that the State violated their due process rights in not disclosing them. They also alleged that Haley's testimony regarding the existence of the tapes was perjured.

In support of their petition, the defendants attached the affidavits of a Peoria County sheriff's department jailer and two private investigators. The jailer's affidavit stated that he had a "strong suspicion" that tapes of conversations between the defendants and Haley existed. The private investigators' affidavits stated that Haley's supervisor, Joe Hobbick, and Elbert Martin had told the investigators that the defendants' conversations with Haley and Martin had been recorded. The affidavits also stated that Martin's attorney told the investigators that he had read the transcript of taped conversations between the defendants and the "hit man."

On August 31,1989, the defendants filed a motion to compel discovery. The trial court granted the motion and entered an order requiring the State to respond within 28 days. The order also required the State to request the Department of Law Enforcement to file an affidavit with the court showing that a response to discovery was completed. The State responded by filing an affidavit that discovery had been completed. The State also sent a letter to the defendants' counsel informing him that it had asked the State Police to file an affidavit stating that discovery was completed. The State Police apparently chose not to respond to the request.

On January 17, 1990, the State filed a motion to dismiss the defendants' petition. Judge Michael McCuskey allowed the State's motion and dismissed the petition, finding that the affiant's statements were hearsay and not based on firsthand knowledge of the facts.

On appeal the defendants first argue that the trial court erred in dismissing their petition.

We note that section 2—1401(b) of the Code provides that a petition seeking relief from a final judgment must be supported by affidavit or other appropriate showing as to matters not of record. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401(b).) A petition filed under section 2—1401 is tantamount to the filing of a new civil action. Thus, the petition is subject to a motion to dismiss if it fails to state sufficient facts to warrant relief. (*Ostendorf v. International Harvester Co.* (1982), 89 Ill. 2d 273, 433 N.E.2d 253.) Furthermore, the general rule is that a petition supported by an affidavit based only on hearsay or mere conclusions is insufficient to warrant relief under section 2—1401. *People v. Sanchez* (1986), 115 Ill. 2d 238, 503 N.E.2d 277.

Here, the investigators' affidavits were clearly hearsay, and the jailer's statement that he had a "strong suspicion" was a mere con-

clusion unsupported by the facts. The defendants nevertheless argue that an exception to the general rule against hearsay affidavits is applicable. In support of their position, they rely on *People v. Sanchez* (1986), 115 Ill. 2d 238, 503 N.E.2d 277, and Supreme Court Rule 191(b) (134 Ill. 2d R. 191(b)).

In *Sanchez*, the defendant supported his petition with an investigator's hearsay affidavit. The affidavit specifically stated that material facts are known to Oscar Cartegna, but that an affidavit to that effect cannot be procured due to Cartegna's invocation of the fifth amendment. The supreme court held that the allegation that the witness would invoke the fifth amendment was sufficient to warrant an evidentiary hearing. In so holding, the court found that the exception to the general rule against hearsay affidavits is applicable only in situations where material facts which ought to appear in the affidavit are known solely to persons whose affidavit the affiant is unable to procure by reason of hostility or otherwise.

■ We find that *Sanchez* is clearly distinguishable from the instant case. Here, the defendants failed to offer any reason for the unavailability of the actual declarants. Unlike *Sanchez*, the defendants did not make any allegations in their petition that the affidavits of persons possessing firsthand knowledge of the facts could not be obtained because of hostility or any other reason. Moreover, the record does not indicate that any of the witnesses purported to have firsthand knowledge were hostile or would invoke the fifth amendment. Accordingly, we find that the defendants' reliance on the exception announced in *Sanchez* is misplaced.

The defendants also rely on *People v. Alfano* (1981), 95 Ill. App. 3d 1026, 420 N.E.2d 1114. *Alfano*, however, does not support the defendants' position. The *Alfano* court held only that a verified Williamson County information charging the State's expert witness with perjury constituted an "other appropriate showing as to matters not of record" which provided the court with an adequate factual basis upon which to conduct an evidentiary hearing on the defendant's postconviction petition. *Alfano* does not change the general rule noted by the supreme court in *Sanchez* that hearsay affidavits are insufficient.

The defendants next argue that the trial court violated their due process rights to confront and cross-examine witnesses by dismissing their petition without an evidentiary hearing.

■ It is well settled that a petition under section 2—1401 of the Code is tantamount to the filing of a new civil action. If the petition fails to state sufficient facts to warrant relief, it is subject to a motion to dismiss. Here, the defendants' petition, which was supported only

by hearsay affidavits and mere conclusions, did not state sufficient facts so as to require an evidentiary hearing.

*Chambers v. Mississippi* (1973), 410 U.S. 284, 35 L. Ed. 2d 297, 93 S. Ct. 1038, cited by the defendants for the proposition that their rights to confront and cross-examine witnesses were denied, is distinguishable on its facts. *Chambers* did not involve a post-conviction proceeding. Accordingly, we find that the defendants' due process rights were not violated.

Next, the defendants contend that they made a sufficient showing that a *Brady* violation occurred so as to require an evidentiary hearing on their petition.

We again note that a petition supported by an affidavit based solely on hearsay is insufficient to warrant relief. The defendants did not sufficiently support their allegation that a *Brady* violation occurred and, therefore, a hearing on the petition was not required.

The defendants argue that the Department of Law Enforcement's failure to indicate whether discovery was completed violated a court order.

We disagree. The State correctly points out that the Department was not ordered to comply with the discovery request filed by the defendants. Rather, the assistant State's Attorney was ordered to ask the Department to file an affidavit stating that discovery was complete.

The defendants next argue that they set forth sufficient facts to demonstrate a possibility of recovery. Thus, they contend, they were entitled to an evidentiary hearing under *Wheeler v. Caterpillar Tractor Co.* (1984), 123 Ill. App. 3d 539, 462 N.E.2d 1262.

■■ ■ We find the defendants' argument meritless. To withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. If the facts alleged do not demonstrate any possibility of recovery, the order of dismissal will be affirmed. (*Wheeler v. Caterpillar Tractor Co.* (1984), 123 Ill. App. 3d 539, 462 N.E.2d 1262.) Here, the defendants did not meet the requirement of setting forth facts demonstrating a possibility of recovery. It was incumbent upon the defendants to support their petition with firsthand factual affidavits illustrating the perjury and not with mere hearsay affidavits, which cannot be used to meet the requirements of *Wheeler*. See *People v. Jayne* (1977), 52 Ill. App. 3d 990, 368 N.E.2d 422.

Lastly, the defendants argue that the statements in the investigators' affidavits attached to their petition fell within an exception to the hearsay rule. The defendants contend that the statements were

admissible as declarations against penal interest and prior inconsistent statements.

 The defendants' argument fails. A declaration against penal interest may be admissible as an exception to the hearsay rule if the four criteria set forth in *People v. Tate* (1981), 87 Ill. 2d 134, 429 N.E.2d 470, are met. In the present case, the statements fail to meet at least three of the *Tate* requirements. The statements occurred nine years after the crime, there was no opportunity for cross-examination, and most importantly, the statements were not incriminating to any of the alleged declarants.

Regarding the prior inconsistent statements exception, we note that the record does not show that the hearsay statements offered in the affidavits were prior inconsistent statements. We also note that a prior inconsistent statement is admissible only for the purpose of impeaching the credibility of a witness. Here, the statements were not offered to impeach the credibility of a witness. Accordingly, the statements did not fall within the exception.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

BARRY and SLATER, JJ., concur.