THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. VICTOR GARCIA, Defendant-Appellant.

First District (2nd Division)　No. 1—95—4241

Opinion filed July 14, 1998.

McNULTY, J., specially concurring.

Michael J. Pelletier and Barbara Kamm, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and Joan F. Frazier, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RAKOWSKI delivered the opinion of the court:

Following a jury trial, Victor Garcia was found guilty of aggravated criminal sexual assault. Judgment was entered on the conviction in November of 1993.

In October of 1995, defendant petitioned to set aside the conviction pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1994)). The gist of defendant's claim was that the victim of the assault had sent him letters admitting that she had lied at trial. The trial court denied defendant's petition without an evidentiary hearing.

Following *People v. Hilliard*, 65 Ill. App. 3d 642 (1978), and *People v. Cole*, 215 Ill. App. 3d 585 (1991), this court affirmed the trial court's dismissal in an unpublished decision. *People v. Garcia*, 293 Ill. App. 3d 1128 (1997) (unpublished order under Supreme Court Rule 23).

On March 9, 1998, the Illinois Supreme Court entered a supervisory order directing this court to vacate its judgment and remand the case to the trial court for an evidentiary hearing.

Pursuant to that mandate, we hereby vacate our judgment in case No. 1—95—4241 and remand this cause to the trial court with instructions to conduct an evidentiary hearing.

Judgment vacated; remanded with instructions.

TULLY, J., concurs.

JUSTICE McNULTY, specially concurring:

I write separately to explain why we need to dispose of this case by published opinion. Our supreme court has ordered us to dispose of cases by opinion when the decision "establishes a new rule of law or *** creates *** an apparent conflict of authority within the Appellate Court." 166 Ill. 2d R. 23(a).

In *People v. Cole*, 215 Ill. App. 3d 585, 587 (1991), the court held that "a petition supported by an affidavit based only on hearsay *** is insufficient to warrant relief under section 2—1401." And in *People v. Hilliard*, 65 Ill. App. 3d 642 (1978), the defendant filed a petition supported by an affidavit of one witness who swore that the prosecution's key witness admitted to that witness that she lied at trial. The trial court held no evidentiary hearing. While the appellate court reversed for hearing on a charge adequately supported by an affidavit which did not rely on hearsay, the court affirmed the denial of a hearing on the charge supported only by testimony of hearsay. The court found that testimony that the key witness said, out of court, that she lied at trial was not sufficient to require an evidentiary hearing. *Hilliard*, 65 Ill. App. 3d at 648.

As explained in our original order, I see no relevant distinction between this case and the disposition of the affidavit reporting hearsay in *Hilliard*. Here, too, the defendant presented an affidavit showing that, out of court and not under oath, the key prosecution witness said she lied. Although the affidavit is based solely on hearsay our supreme court held that the trial court must hold an evidentiary hearing on defendant's petition.

Our supreme court, in its order directing us to vacate our original judgment, pointed to no distinction between this case and *Hilliard*. Accordingly, I conclude from the mandate to this court that *Hilliard* is no longer to be followed on this issue, and the broad statement in *Cole* concerning affidavits based on hearsay misstates the law. When a criminal defendant supports a postconviction petition with evidence that a key witness, out of court and not under oath, said that she lied at trial, the trial court must hold an evidentiary hearing to determine whether the witness committed perjury at trial. As this is a new rule

36

of law, conflicting with prior appellate court authority, we are bound, under Supreme Court Rule 23(a), to resolve this case by written opinion.