(No. 29905.-▇▇▇▇▇▇▇▇▇▇▇▇.
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BERNARD JUDD *et al.,* Plaintiffs in Error.

*Opinion filed January 22, 1947.*

BERNARD JUDD, and RICHARD ARMSTRONG, *pro sese.*

GEORGE F. BARRETT, Attorney General, and ROY P. HULL, State's Attorney, of Peoria, (C. E. McNEMAR, and BAIRD V. HELFRICH, both of Peoria, of counsel,) for the People.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

Plaintiffs in error, Bernard Judd and Richard Armstrong, in the circuit court of Peoria county, pleaded guilty to the crime of robbery with a dangerous weapon. They were sentenced by the court under the statute from one

to twenty years in the penitentiary, with the recommendation that they serve not less than five years nor more than twenty years. Afterwards, at the May term, 1946, of the Supreme Court they sued out a writ of error, and this judgment was reversed because the law under which they were sentenced was invalid. (*People* v. *Montana,* 380 Ill. 596.) The Attorney General confessed error.

The cause was redocketed in the circuit court of Peoria county upon motion of the State's Attorney, and the plaintiffs in error both appeared in person, and by an attorney. After hearing evidence on the question of aggravation and mitigation, and having fully advised the defendants as to the effect of their plea, both of said defendants again pleaded guilty, and were sentenced to the penitentiary for from one to twenty years. Previous to that time they had served over four years in the penitentiary. They urge in this court upon this hearing that said judgment should be reversed because the trial court did not allow credit for the time served in prison under the invalid sentences originally entered.

Almost the same question was raised in *People* v. *Starks,* 395 Ill. 567, at this term of court, in which it was held that if plaintiff in error elected to have an erroneous sentence under the 1941 law set aside, and be resentenced, it was the duty of the court to pass sentence according to law, which in this case is from one to twenty years. The court had no power to resentence the plaintiffs *nunc pro tunc* as of the date of the original sentence in 1941. Upon resentencing we have held the court has no power to give credit for time served in the penitentiary under an erroneous sentence. (*People* v. *Wilson,* 391 Ill. 463; *People* v. *Green,* 394 Ill. 173.) The term of the original sentence has not expired, and hence we are in no position to say that they have served the full term specified by law.

The result in this case seems harsh, but this court cannot make laws. It is authorized only to interpret them.

It is undoubtedly true the legislature intended the act of 1941 to be remedial, but failed because constitutional requirements were not observed. While the courts on resentence are not obliged to give credit for time served under the previous illegal sentence, it can be done lawfully by shortening the maximum under the new sentence. The remedy to require credit for time served lies with the legislature. It has long been settled that upon reversal this court has no power to require credit, upon a new sentence, of the time the prisoner has served upon the original sentence. *People* v. *Atkinson,* 376 Ill. 623.

The judgment of the circuit court of Peoria county is accordingly affirmed.

*Judgment affirmed.*