THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM LEROY LINZY, a/k/a Leroy Williams, Defendant-Appellant.

Fourth District   No. 13930

Opinion filed February 10, 1977.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert C. Perry and Jane F. Bularzik, both of Illinois State's Attorneys Association, of counsel), for appellee.

Mr. JUSTICE REARDON delivered the opinion of the court:

The defendant, William Leroy Linzy, pleaded guilty to the offense of intimidation, a violation of section 12—6 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 12—6), and was sentenced to 3 years probation on the condition that he serve 78 days periodic imprisonment in the Champaign County jail. That sentence was credited with 22 days that the defendant had previously served in the county jail.

On November 26, 1975, a petition to revoke the defendant's probation was filed in the circuit court alleging that the defendant had violated the terms of his probation by failing to report to the probation officer since April 16, 1975. An amended petition was filed on March 8, 1976, alleging in addition to the prior allegation, that the defendant had committed the offenses of aggravated battery and unlawful use of weapons. A hearing on the petition was held on May 12, 1976, after which the court held that the defendant had violated the terms of his probation. After a sentencing hearing on May 17, 1976, the defendant was resentenced to a term of imprisonment from 2 to 6 years. Defendant was allowed credit from February 10, 1975, the first day of his probation period, to April 16, 1975, the date of his last visit to the probation officer. This period also coincided with the time the defendant served on periodic imprisonment. Defendant was also given credit for 81 days served in the county jail since being arrested for the probation violations, however, defendant was not credited for the time served on probation from April 16, 1975, the date defendant last reported to his probation officer, to November 26, 1975, the date the first petition to revoke probation was filed.

On appeal, defendant alleges that the statute allowing a sentencing court to deny credit for time served on probation (section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—

6—4(h)), is violative of defendant's right to due process of law because it is vague, containing no standard for the denial of credit for the time served on probation. In support of this allegation, defendant relies on *Giaccio v. Pennsylvania* (1966), 382 U.S. 399, 15 L. Ed. 2d 447, 86 S. Ct. 518, a case in which the supreme court held that a statute was impermissibly vague where it gave the unfettered authority to assess court costs in misdemeanor cases against either the county, the prosecutor or the defendant. Defendant also alleges that he will be subjected to multiple punishments in violation of the double jeopardy clause if he is denied credit for the time he served on probation. Defendant relies on *North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072, for this proposition.

■■ In *People v. Williams* (1976), 42 Ill. App. 3d 574, 356 N.E.2d 371, we expressly held that the statute involved herein (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4(h)) does not violate the prohibition against double jeopardy and that the statute does not otherwise offend the requirements of *North Carolina v. Pearce*. In *Williams*, we stated:

> "* * * We do not deem the opinion [*North Carolina v. Pearce*] to have ruled that time spent under the 'clemency' of probation, although having a 'mild and ambulatory' punitive aspect, is constitutionally required to be equated to and credited upon subsequent incarceration imposed for the same offense." (42 Ill. App. 3d 574, 577, 356 N.E.2d 371, 374.)

This language from *Williams* directly distinguishes the following language from *North Carolina v. Pearce* which is relied upon by the instant defendant:

> "We think it is clear that this basic constitutional guarantee is violated when punishment already exacted for an offense is not fully 'credited' in imposing sentence upon a new conviction for the same offense. The constitutional violation is flagrantly apparent in a case involving the imposition of a maximum sentence after reconviction. Suppose, for example, in a jurisdiction where the maximum allowable sentence for larceny is 10 years' imprisonment, a man succeeds in getting his larceny conviction set aside after serving three years in prison. If, upon reconviction, he is given a 10-year sentence, then, quite clearly, he will have received multiple punishments for the same offense. For he will have been compelled to serve separate prison terms of three years and 10 years, although the maximum single punishment for the offense is 10 years' imprisonment. Though not so dramatically evident, *the same principle obviously holds true whenever punishment already endured is not fully subtracted from any new sentence imposed.*
>
> *We hold that the constitutional guarantee against multiple punishments for the same offense absolutely requires that*

*punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense.*" (Emphasis added.) 395 U.S. 711, 718-719, 23 L. Ed. 2d 656, 89 S. Ct. 2072.

■■ In *Wolff v. McDonnell* (1974), 418 U.S. 539, 41 L. Ed. 2d 935, 94 S. Ct. 2963, the Supreme Court held that due process requires prior notice of charges, a hearing and a written finding of fact before a prisoner's good time credits could be reduced. The *Wolff* decision was premised on the ground that State statutes authorized the granting of credits and restricted the conditions under which they could be forfeited. In the instant case, as in *Wolff*, State statutes govern the granting of probation and the denial of credit for time served on probation, however, the authority to deny credit can only be exercised by the sentencing judge who conducts a hearing in aggravation and mitigation that complies with the requirements of procedural due process. *Paul v. Davis* (1976 ), 424 U.S. 693, 47 L. Ed. 2d 405, 96 S. Ct. 1155; *Bishop v. Wood* (1976), 426 U.S. 341, 48 L. Ed. 2d 684, 96 S. Ct. 2074; *Meachum v. Fano* (1976), 427 U.S. 215, 49 L. Ed. 2d 451, 96 S. Ct. 2532; see also 90 Harv. L. Rev. 86—114 (1976).

In light of *Wolff* and *Williams*, it is immaterial that our Unified Code of Corrections expressly defines probation as a sentence (Ill. Rev. Stat. 1973, ch. 38, par. 1005—1—18), because our statutes expressly permit judges to deny credit for time served on probation, a mild form of "sentence" which *Williams* distinguishes from the more severe "sentences" addressed in *North Carolina v. Pearce*.

■■ Furthermore, a judge's decision to deny a defendant credit for time served on probation is not a standardless determination because it is limited by section 5—6—1 of our Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—1).

Accordingly, we affirm the sentence imposed by the Champaign County Circuit Court.

Affirmed.

CRAVEN, P. J., and MILLS, J., concur.