*In re* K.J.M., a Minor (The People of the State of Illinois, Petitioner-Appellant, v. K.J.M., Respondent-Appellee).

Fourth District   No. 4—87—0729

Opinion filed April 13, 1988.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and J. A. C. Knuppel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel D. Yuhas and Patricia G. Mysza, both of State Appellate Defender's Office, of Springfield, for appellee.

JUSTICE SPITZ delivered the opinion of the court:

On May 23, 1986, a delinquency petition was filed in the circuit court of Champaign County alleging that respondent K.J.M. had committed the offense of battery (Ill. Rev. Stat. 1985, ch. 38, par. 12—3). Following an adjudicatory hearing on September 23, 1986, the trial court found that the State had proved the allegations in the petition beyond a reasonable doubt and found K.J.M. to be a delinquent minor. At the conclusion of the October 21, 1986, dispositional hearing the trial court ordered that K.J.M. be admitted to probation for a period of 18 months and that she serve 23 days in the Champaign County Youth Detention Center.

On March 26, 1987, the State filed a petition to revoke K.J.M.'s

probation alleging that she had been suspended from school for fighting, in violation of the conditions of her probation. On May 27, 1987, a hearing was held on the petition to revoke probation at which time K.J.M. admitted to the allegations in the petition.

Then on June 10, 1987, K.J.M. filed a motion to dismiss the pending actions and to vacate all prior orders. The motion alleged that K.J.M.'s legal guardian had never been served with a summons and had no notice of the proceedings in the case. A hearing on K.J.M.'s motion was held on June 29, 1987. Counsel for K.J.M. argued that no summons was served on K.J.M.'s legal guardian and, therefore, the trial court's jurisdiction was not properly invoked and its prior orders were void. After hearing argument the trial court granted K.J.M.'s motion, dismissed the cause and vacated all prior orders entered in the cause.

That same day, the State filed a supplemental delinquency petition alleging the same acts that were alleged in the prior delinquency petition and petition to revoke probation. Thereafter, K.J.M. filed a motion to dismiss the cause alleging that the double jeopardy clause (U.S. Const., amend. V) barred a retrial of K.J.M. After a hearing, the trial court granted K.J.M.'s motion to dismiss and the State now appeals.

The State contends on appeal that the trial court erred in dismissing the supplemental petition on double jeopardy grounds. The State argues that an exception to the general constitutional prohibition against reprosecuting a defendant previously convicted for the same offense exists where the defendant, through an appeal or some other procedure, has set aside his conviction on grounds other than evidence insufficiency. The State points out that the trial court in this case vacated all prior orders in the cause on grounds other than evidence insufficiency, in response to K.J.M.'s motion to vacate.

K.J.M. contends that the State effectively provoked her into filing the motion to vacate by failing to serve her legal guardian. K.J.M. asserts, therefore, that the State should be precluded from reprosecuting the case. K.J.M. argues in the alternative that if the State can properly proceed on the allegations in the supplemental petition, and in the event she is readjudicated a delinquent minor, then she should be given credit for the time spent in detention and on probation on the original petition.

■ As a general rule, a reprosecution is not barred where the defendant elects to terminate the proceedings or causes a former conviction to cease to exist, either through appeal or collateral attack, by invalidation, setting aside, reversal or vacation, unless the effect of

the reviewing court's action was to acquit the defendant. (See generally *United States v. Ball* (1896), 163 U.S. 662, 41 L. Ed. 300, 16 S. Ct. 1192; *Price v. Georgia* (1970), 398 U.S. 323, 26 L. Ed. 2d 300, 90 S. Ct. 1757; *People v. Liechron* (1943), 384 Ill. 613, 52 N.E.2d 239; *People v. Kennedy* (1987), 161 Ill. App. 3d 175, 514 N.E.2d 253; *People v. Townsend* (1983), 119 Ill. App. 3d 529, 456 N.E.2d 938; Ill. Rev. Stat. 1985, ch. 38, par. 3—4.) There is a narrow exception to this rule. In those instances where the actions of the prosecutor are designed to provoke or force the defendant into seeking the termination, the defendant may successfully invoke the bar against double jeopardy. (*Oregon v. Kennedy* (1982), 456 U.S. 667, 72 L. Ed. 2d 416, 102 S. Ct. 2083; *United States v. Dinitz* (1976), 424 U.S. 600, 47 L. Ed. 2d 267, 96 S. Ct. 1075; *People v. Townsend* (1983), 119 Ill. App. 3d 529, 456 N.E.2d 938.) However, the defendant must prove that the prosecutor's misconduct was *intended* to cause the defendant to seek the termination. *Oregon v. Kennedy* (1982), 456 U.S. 667, 72 L. Ed. 2d 416, 102 S. Ct. 2083.

■ In this case, K.J.M. has in no way proved that the failure to serve her legal guardian was intended to cause her to seek a dismissal of the case and a vacation of all prior orders. Furthermore, the facts of this case as disclosed by the record do not evidence any intentional or deliberate misconduct on the part of the prosecution which was calculated to cause K.J.M. to seek the dismissal and vacation. Accordingly, this case does not fall into that narrow category of cases in which prosecutorial misconduct bars retrial.

Additionally, we point out that K.J.M.'s motion to vacate was premised upon the court's lack of personal jurisdiction as a result of the State's failure to serve her legal guardian. Where a court in which the former prosecution was conducted lacked jurisdiction over either the defendant or the offense, the subsequent prosecution is not barred. *Paulsen v. People* (1902), 195 Ill. 507, 63 N.E. 144; Ill. Rev. Stat. 1985, ch. 38, par. 3—4.

■ For the foregoing reasons, we hold that the bar against double jeopardy does not apply in this case. K.J.M. has argued, in the event we so held, that the time she served in detention and on probation should be credited to any dispositions she may receive upon readjudication. She is correct. It is true that the Juvenile Court Act (Ill. Rev. Stat. 1985, ch. 37, par. 701—1 *et seq.*) does not provide for "sentence" credit to juveniles upon redisposition as is provided to adult offenders upon resentencing by the Unified Code of Corrections (see Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—4). However, the United States Supreme Court has held that the constitutional guarantee against

multiple punishments for the same offense "absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense." (*North Carolina v. Pearce* (1969), 395 U.S. 711, 718-19, 23 L. Ed. 2d 656, 665, 89 S. Ct. 2072, 2077.) Although the *Pearce* case involved an adult defendant, we deem its holding applicable with equal force to the case at bar. (*In re Vitale* (1978), 71 Ill. 2d 229, 375 N.E.2d 87 (prosecuting a minor in special juvenile adjudicatory proceedings places him in jeopardy within the meaning of the fifth amendment to the United States Constitution).) Therefore, if K.J.M. is readjudicated she is entitled to full credit for all time served under the original disposition.

Accordingly, the judgment of the circuit court of Champaign County granting K.J.M.'s motion to dismiss the cause is reversed.

Reversed and remanded.

GREEN, P.J., and LUND, J., concur.