# Illinois Official Reports

## Appellate Court

<div style="border:1px solid">

### *People v. J.F.*, 2014 IL App (1st) 123579

</div>

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. J.F., Respondent-Appellant. |
| District & No. | First District, Third Division<br>Docket No. 1-12-3579 |
| Filed | May 7, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The imposition of the mandatory minimum probation term on respondent minor for a forcible felony, aggravated battery, did not violate her right to equal protection, notwithstanding her contention that she was treated worse than juveniles who commit nonforcible felonies and adults who commit the same offense, since respondent could not show that she was similarly situated to either group; however, the trial court did violate the one-act, one-crime doctrine by adjudicating respondent guilty of both aggravated battery and battery for the same physical act of hitting and biting another girl, and, therefore, the adjudication of battery was vacated. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-JD-5020; the Hon. Colleen F. Sheehan, Judge, presiding. |
| Judgment | The judgment of the circuit court is affirmed in part and vacated in part. |

Counsel on Appeal

Michael J. Pelletier and Shawn O'Toole, both of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Mary P. Needham, and Kathryn A. Schierl, Assistant State's Attorneys, of counsel), for the People.

Panel

PRESIDING JUSTICE HYMAN delivered the judgment of the court, with opinion.
Justices Neville and Mason concur in the judgment and opinion.

**OPINION**

¶ 1 Respondent, J.F., was 15 years old when adjudicated delinquent for a forcible felony. She raises an equal protection challenge to her mandatory minimum probation term of five years required under the Juvenile Court Act of 1987 (Act) (705 ILCS 405/5-715(1) (West 2010)). The gist of her argument is that the mandatory minimum treats juveniles who commit forcible felonies (i) worse than those who commit nonforcible felonies despite their otherwise being similarly situated and (ii) harsher than adult offenders for the same offense. We find the mandatory minimum does not violate the equal protection clause because J.F. cannot establish that she is similarly situated to juveniles who commit nonforcible felonies or that a criminal conviction of an adult offender equates to a finding of delinquency.

¶ 2 In addition, J.F. asserts, and the State concedes, that the juvenile court departed from the one-act, one-crime doctrine when it adjudicated her delinquent of both aggravated battery and battery for the same physical act. We agree and vacate the lesser offense of battery.

¶ 3 BACKGROUND

¶ 4 In November 2011, the State filed a petition for adjudication of wardship against J.F. for aggravated battery and battery of two juvenile girls, Jaylah and Amber, and, as to Amber, additional charges of robbery and theft from person.

¶ 5 At trial, Amber testified she was 15 years old, and on November 11, 2011, went with friends Jaylah and Javon to downtown Chicago. At about 10:20 p.m., she saw J.F., a girl she knew from her neighborhood, with a group of 10 girls. Amber and her friends went to a Chicago Transit Authority station and J.F. and the other girls followed them on board the same train car. The group of girls surrounded Jaylah and pushed her. Amber saw Jaylah grab her phone from J.F., though she did not see J.F. take Jaylah's phone. (Jaylah, whose testimony substantially coincided with Amber's, said she was looking at her phone when J.F. suddenly grabbed it.) One of the girls hit Amber and Amber hit her back. The two of them fell to the

- 2 -

floor and J.F. with the others attacked Amber. J.F. bit Amber's hand and took her cell phone. The attack left Amber with a swollen cheek and bite mark on her hand. When the train stopped near White Sox park, everyone got off. Amber and Jaylah followed the group in an attempt to determine who had Amber's phone. A couple of weeks later, Amber met with a detective and identified J.F. from a photo array.

¶ 6 J.F. testified. She denied she struck anyone, bit Amber, or took Amber's phone. She identified another girl as the attacker and claimed to have been on the opposite side of the train when Amber was jumped.

¶ 7 The trial court found the victims' testimony more credible than J.F.'s testimony and found J.F. guilty of robbery, aggravated battery, and battery of Amber. J.F. was sentenced to the mandatory five-year minimum probation term required under section 5-715(1) of the Juvenile Court Act. 705 ILCS 405/5-715(1) (West 2010). In addition, she was ordered to perform 20 hours of community service and participate in the Peace Circle group for girls.

¶ 8                                                              ANALYSIS
¶ 9                                               No Equal Protection Violation
¶ 10 J.F. contends the mandatory probation provision of section 5-715(1) of the Juvenile Court Act violates her equal protection rights under the United States and Illinois Constitutions. This section directs the court to impose a five-year probation term on a juvenile adjudicated delinquent of a forcible felony, among other offenses. J.F. argues that juveniles adjudicated delinquent of a nonforcible felony are like juveniles adjudicated delinquent of forcible felonies yet the former are not subject to the mandatory minimum. Similarly, no rational basis lies for a juvenile convicted of burglary to receive a harsher and mandatory sentence than an adult robbery offender, who is subject to a sentence of probation not to exceed four years. 730 ILCS 5/5-4.5-30(d) (West 2010).

¶ 11 Because a statute's constitutionality is a question of law, we review *de novo*. *Jacobson v. Department of Public Aid*, 171 Ill. 2d 314, 323 (1996). We interpret a statute as constitutional if "reasonably possible." *In re Jonathon C.B.*, 2011 IL 107750, ¶ 79. The Supreme Court of Illinois routinely recognizes that statutes have a strong presumption of constitutionality. *People v. Sharpe*, 216 Ill. 2d 481, 486-87 (2005). To defeat this presumption the party challenging must "clearly establish" the alleged constitutional violation. *Id.* at 487.

¶ 12 The State contends J.F. has failed to demonstrate that she is similarly situated to either juveniles who commit nonfelonies or adults convicted of the same offense and, therefore, J.F.'s equal protection claim must fail. Moreover, even if this court finds J.F. is similarly situated to either comparative group, the State maintains five years' mandatory probation is rationally related to the Juvenile Court Act's goals and, as such, meets the rational basis test and is constitutional.

¶ 13 Under the Act, the juvenile burglar must serve a five-year term of probation. As compared with juveniles, adults who commit robbery are subject to a Class 2 felony sentence, which provides for imprisonment of not less than three years and not more than seven years. 730 ILCS 5/5-4.5-35(a), (d) (West 2010). In addition, adults are subject to a possible four-year

probationary period and a mandatory two-year parole term on release. 730 ILCS 5/5-4.5-35(*l*) (West 2010).

¶ 14    The equal protection analysis is the same under either the Illinois or United States Constitution. *People v. Shephard*, 152 Ill. 2d 489, 499 (1992); U.S. Const., amend. XIV, § 1; Ill. Const. 1970, art. I, § 2. The equal protection clause "guarantees that similarly situated individuals will be treated in a similar fashion, unless the government can demonstrate an appropriate reason to treat them differently." *In re Jonathon C.B.*, 2011 IL 107750, ¶ 116. This guarantee allows the legislature to create distinctions between different groups of people as long as that distinction avoids "criteria wholly unrelated to the legislation's purpose." *Id.* Both parties agree that this case does not invoke strict scrutiny analysis because the classification involves neither a fundamental right nor a suspect class. *People v. Breedlove*, 213 Ill. 2d 509, 518 (2004). Rather, the rational basis test applies. This test "simply inquires whether the method or means employed by the statute to achieve the stated [goal or] purpose of the legislation are rationally related to that goal." *Id.* The court will not make this rational basis inquiry, however, until the movant proves he or she is similarly situated to the comparison group. *People v. Masterson*, 2011 IL 110072, ¶ 25. If a movant cannot meet this preliminary threshold, the equal protection claim fails. *People v. Whitfield*, 228 Ill. 2d 502, 513 (2007).

¶ 15    J.F. fails to demonstrate she is similarly situated to either comparison group. Initially, J.F. claims she is similarly situated to juvenile offenders adjudicated delinquent of nonforcible felonies. Our supreme court has rejected similarly situated arguments that compare two groups of juvenile offenders. See *In re Jonathon C.B.*, 2011 IL 107750, ¶ 117 (finding that although Juvenile Court Act only provided jury trial for those juvenile offenders subject to extended juvenile jurisdiction, habitual offender, or violent offender proceedings, this distinction did not violate equal protection rights of juvenile felony sex offenders because they were not subject to "mandatory incarceration or the possibility of an adult sentence"); *City of Urbana v. Andrew N.B.*, 211 Ill. 2d 456, 466-68 (2004) (Juvenile Court Act provision that allows municipalities to choose whether to prosecute juveniles for ordinance violations under Act or municipal code, which does not provide juveniles with counsel or other procedural protections, is constitutional); *In re G.O.*, 191 Ill. 2d 37, 43 (2000) (finding juveniles charged with first degree murder were "no longer subject to a mandatory sentencing requirement" and, thus, did not need to be afforded jury trial right); *People v. P.H.*, 145 Ill. 2d 209, 231 (1991) (juveniles subject to transfer who had prior felony adjudications and were currently charged with crime committed in furtherance of gang activity were not similarly situated to juveniles charged with offense warranting automatic transfer). The five-year term of probation at issue here is warranted based on the seriousness of the offense J.F. committed. Therefore, J.F. is not similarly situated to juveniles adjudicated delinquent of nonforcible felonies.

¶ 16    J.F. also claims that she is similarly situated to adults convicted of robbery. Juveniles adjudicated delinquent under the Juvenile Court Act are not similarly situated to adult offenders because they are not subject to adult sentencing. *In re Jonathon C.B.*, 2011 IL 107750, ¶¶ 117-18 (finding that Juvenile Court Act did not violate defendant's equal protection rights by denying him jury trial because he was not subject to adult sentence and, therefore, not similarly situated to adult sex offenders). In contrast to J.F.'s sentencing hearing,

- 4 -

if an adult robber is convicted of a Class 2 felony, the adult is subject to a minimum three-year prison term. 730 ILCS 5/5-4.5-35(a) (West 2010) (stating that Class 2 felony offenders are subject to minimum of three and a maximum of seven years' imprisonment). Although an adult offender may receive a four-year term of probation instead of a term of years, the adult offender still faces incarceration at sentencing while a juvenile does not. Also, adult robbers must serve a two-year supervisory term on release. 730 ILCS 5/5-4.5-35(*l*) (West 2010). J.F. was not subject to adult incarceration or a criminal conviction. *In re Rodney H.*, 223 Ill. 2d 510, 520 (2006) (finding that juvenile adjudications do not carry a "taint of criminality" (internal quotation marks omitted)). Even though the Juvenile Court Act's 1999 amendments have augmented the original purpose by including juvenile accountability and public safety objectives, courts have not recognized juvenile proceedings as criminal in nature. *In re Vincent K.*, 2013 IL App (1st) 112915, ¶ 49; *In re Jonathon C.B.*, 2011 IL 107750, ¶ 97; *People v. Taylor*, 221 Ill. 2d 157, 170 (2006) (finding substantial differences between juvenile and adult proceedings despite changes in policy). Accordingly, juvenile and adult proceedings are different as juveniles and adult robbers are not similarly situated.

¶ 17                                One Act, One Crime

¶ 18    Next, J.F. argues, and the State concedes, that the court violated the one-act, one-crime doctrine by finding her delinquent of both aggravated battery and simple battery. The one-act, one-crime doctrine prevents multiple adjudications based on one physical act and applies to juvenile proceedings. *People v. King*, 66 Ill. 2d 551, 566 (1977); *In re Samantha V.*, 234 Ill. 2d 359, 375 (2009) (finding that one-act, one-crime doctrine applies to juvenile proceedings). J.F. was adjudicated delinquent of both aggravated battery and battery of Amber because she struck and bit Amber. Because both of these adjudications resulted from the same physical act, the trial court should not have found her delinquent of both offenses. When a violation of the one-act, one-crime doctrine is identified, the court must vacate the less serious offense and enter a delinquency finding as to the more serious offense. *Samantha V.*, 234 Ill. 2d at 380. J.F.'s adjudication of battery is vacated and a finding of delinquency is entered for aggravated battery and robbery.

¶ 19    The judgment of the circuit court is affirmed in part and vacated in part.