No. 2--08--0457          Filed: 11-20-08

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| JENNIFER KARABETSOS, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 06--CH--1060 |
| | ) | |
| THE VILLAGE OF LOMBARD, GEORGE | ) | |
| E. SEAGRAVES, KEITH STEISKAL, | ) | |
| THEODORE P. KLIORIS, and WILLIAM | ) | |
| MUELLER, | ) | Honorable |
| | ) | Kenneth L. Popejoy, |
| Defendants-Appellants. | ) | Judge, Presiding. |

_____

JUSTICE GROMETER delivered the opinion of the court:

Plaintiff, Jennifer Karabetsos, instituted an action in the circuit court of Du Page County asserting various deprivations of her civil rights as well as certain torts allegedly committed by defendants, the Village of Lombard, George E. Seagraves, Keith Steiskal, Theodore P. Klioris, and William Mueller. The trial court dismissed the bulk of the counts of plaintiff's complaint; however, it held that one survived dismissal. That count alleged a deprivation of plaintiff's right to substantive due process. The trial court found that plaintiff's allegation that defendants attempted to manipulate her to agree to certain repairs to her front porch by threatening her regarding a lack of a building permit for her back porch was sufficient to state a claim. The trial court, citing Dennis E. v. O'Malley, 256 Ill. App. 3d 334, 349-50 (1993), found that this behavior " 'shock[ed] the conscience' " and would offend "a community's sense of 'fair play.' "

Defendants filed a motion to reconsider, arguing that a plaintiff must plead not only behavior that shocks the conscience, but also that this behavior impacts upon a constitutionally protected interest. The trial court disagreed, but encouraged defendants to seek interlocutory review. See 155 Ill. 2d R. 308. Defendants did so, and the trial court certified the following question for review:

"When pleading a cause of action for a violation of substantive due process under the 14th Amendment to the U.S. Constitution against a public body or official, is the plaintiff required to plead both (1) arbitrary conduct which shocks the conscience and (2) a constitutionally protected interest affected or adversely impacted thereby or is it sufficient to plead only one of the foregoing elements[?]" (Emphasis in original.)

We hold that it is necessary to plead both elements.

As a preliminary matter, we note that the question certified does not encompass all of the considerations necessary to assess whether plaintiff has successfully set forth a claim of a violation of her substantive due process rights. Thus, this opinion should not be construed as holding that the two elements listed in the certified question are sufficient to state a claim, only that they are both necessary. Notably, in Graham v. Connor, 490 U.S. 386, 395, 104 L. Ed. 2d 443, 454-55, 109 S. Ct. 1865, 1871 (1989), the United States Supreme Court held that, where "an explicit textual source of constitutional protection" exists, that provision, and not "the more generalized notion of 'substantive due process,' " controls the inquiry. For example, in this case, plaintiff alleges that defendants violated her substantive due process rights by "entering [her] real property under the unsupportable claim of 'emergency' " and that "Plaintiff has a clear individual entitlement and constitutionally protected interest in her residence, including the 'full bundle' of property rights, *** and no such cause for removal thereof has been demonstrated." Illegal entries are governed by the

fourth amendment, and deprivations of property rights fall under the takings clause of the fifth amendment. U.S. Const., amends. IV, V, XIV. Hence, such allegations cannot properly support plaintiff's substantive due process claim. See, e.g., Presley v. City of Charlottesville, 464 F.3d 480, 491 (4th Cir. 2006) (holding that the plaintiff's claim that city encouraged private individuals to trespass on the plaintiff's land was properly a fourth amendment rather than a substantive due process claim).

As for her substantive due process claim, it is necessary for plaintiff to plead facts showing both a constitutionally protected interest and conduct by a governmental actor that shocks the conscience. We begin with the recognition that plaintiff is challenging executive rather than legislative action, and the standard for reviewing executive acts is different from that we apply when considering whether a legislative enactment violates substantive due process. See Bigelow Group, Inc. v. Rickert, 377 Ill. App. 3d 165, 179-80 (2007). Just last year, this court emphasized the necessity of showing that a fundamental right has been violated in making out a substantive due process claim:

"Plaintiffs' position overlooks the fundamental differences between substantive due process review of an executive, as opposed to a legislative, action. '[W]hen a plaintiff challenges the validity of a legislative act, substantive due process typically demands that the act be rationally related to some legitimate government purpose.' Nicholas v. Pennsylvania State University, 227 F.3d 133, 142 (3rd Cir. 2000). 'In contrast, when a plaintiff challenges a non-legislative state action ***, we must look, as a threshold matter, to whether the property interest being deprived is "fundamental" under the Constitution.' Nicholas, 227 F.3d at 142. 'If the interest is not "fundamental," *** the governmental action is entirely outside

the ambit of substantive process.' Nicholas, 227 F.3d at 142. Here, plaintiffs make no argument that the right to pay taxes by specification is fundamental. Therefore, their substantive due process argument fails." Bigelow Group, Inc., 377 Ill. App. 3d at 180. Thus, the starting point, or "threshold" matter, when analyzing a substantive due process claim involving executive action is to determine whether a fundamental right is involved. See also Christensen v. County of Boone, 483 F.3d 454, 461-62 (7th Cir. 2007); cf. Daniels v. Williams, 474 U.S. 327, 331, 88 L. Ed. 2d 662, 668, 106 S. Ct. 662, 665 (1986) ("Historically, this guarantee of due process has been applied to deliberate decisions of government officials to deprive a person of life, liberty, or property" (emphasis in original)).

It should be noted here that "fundamental right" is not synonymous with "constitutional right." Indeed, as we previously explained, if the challenged conduct implicates an explicit constitutional right, it would be proper to assess the conduct with reference to that provision. See Graham, 490 U.S. at 395, 104 L. Ed. 2d at 454-55, 109 S. Ct. at 1871. Further, the claimed right need not be derived from some source of positive law. Thus, in Rochin v. California, 342 U.S. 165, 169, 96 L. Ed. 183, 188, 72 S. Ct. 205, 208 (1952), the Supreme Court held that substantive due process protected that which is "implicit in the concept of ordered liberty" rather than that which is expressed in statutory or case law. Indeed, the passage in Rochin from which the quotation in the previous sentence is taken provides much insight into the nature of a fundamental right:

"Regard for the requirements of the Due Process Clause 'inescapably imposes upon this Court an exercise of judgment upon the whole course of the proceedings [resulting in a conviction] in order to ascertain whether they offend those canons of decency and fairness which express the notions of justice of English-speaking peoples even toward those charged with the most

heinous offenses.' Malinski v. New York, supra, at 416-417. These standards of justice are not authoritatively formulated anywhere as though they were specifics. Due process of law is a summarized constitutional guarantee of respect for those personal immunities which, as Mr. Justice Cardozo twice wrote for the Court, are 'so rooted in the traditions and conscience of our people as to be ranked as fundamental,' Snyder v. Massachusetts, 291 U.S. 97, 105[, 78 L. Ed. 674, 677, 54 S. Ct. 330, 332 (1934)], or are 'implicit in the concept of ordered liberty.' Palko v. Connecticut, 302 U.S. 319, 325[, 82 L. Ed. 288, 292, 58 S. Ct. 149, 152 (1937)]." Rochin, 342 U.S. at 169, 96 L. Ed. at 188, 72 S. Ct. at 208.

It is necessary for plaintiff to plead a fundamental right. We have attempted to provide some guidance as to the nature of what it is that plaintiff must plead.

If a fundamental right exists, the next step is to determine whether executive action infringing upon that right is so egregious as to shock the conscience. It must be remembered that "only the most egregious official conduct" offends substantive due process. County of Sacramento v. Lewis, 523 U.S. 833, 846, 140 L. Ed. 2d 1043, 1057, 118 S. Ct. 1708, 1716 (1998). The fourteenth amendment's due process clause "was intended to prevent the government 'from abusing [its] power, or employing it as an instrument of oppression.' " DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 196, 103 L. Ed. 2d 249, 259, 109 S. Ct. 998, 1003 (1989), quoting Davidson v. Cannon, 474 U.S. 344, 348, 88 L. Ed. 2d 677, 682, 106 S. Ct. 668, 670 (1986). It is not a "font of tort law." Paul v. Davis, 424 U.S. 693, 701, 47 L. Ed. 2d 405, 413, 96 S. Ct. 1155, 1160 (1976). The Supreme Court has counseled restraint in " 'expand[ing] the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended.' " Washington v. Glucksberg, 521 U.S. 702, 720, 138 L. Ed. 2d 772, 787, 117 S.

Ct. 2258, 2267 (1997), quoting <u>Collins v. Harker Heights</u>, 503 U.S. 115, 125, 117 L. Ed. 2d 261, 273, 112 S. Ct. 1061, 1068 (1992). In order to keep substantive due process within acceptable bounds, it is therefore also necessary for a plaintiff to plead and prove action that shocks the conscience.[1] See <u>Lewis</u>, 523 U.S. at 847, 140 L. Ed. 2d at 1058, 118 S. Ct. at 1717.

Plaintiff and the trial court both relied on <u>Dennis E. v. O'Malley</u>, 256 Ill. App. 3d 334 (1993), a case from the First District of this Appellate Court. There, the court wrote:

"While procedural due process prohibits the deprivation of a protected interest unless the procedures provided are adequate to ensure that it will not be effected arbitrarily, substantive due process imposes absolute limits on the State's ability to act without regard to any procedural protections in place. [Citation.] There are two separate strands to the Supreme Court's substantive due process jurisprudence. To state a due process violation under the first, the plaintiff need not establish a deprivation of a specific property or liberty interest, but must show that the government official's conduct 'shocks the conscience.' [Citation.] Under the second approach, the plaintiff must demonstrate the denial of an interest which was protected absolutely by the clause." <u>Dennis E.</u>, 256 Ill. App. 3d at 349.

<u>Dennis E.</u>, in turn, relies heavily on <u>Rochin</u>, 342 U.S. 165, 96 L. Ed. 183, 72 S. Ct. 205. We believe that <u>Dennis E.</u> is not a correct statement of the law. Indeed, this district's disagreement with that case is implicit in our holding in <u>Bigelow Group, Inc.</u>, 377 Ill. App. 3d at 180, that the existence of a fundamental right is a "threshold matter" in a substantive due process claim.

---

[1]Although we called the existence of a fundamental right a threshold matter in <u>Bigelow Group, Inc.</u>, 377 Ill. App. 3d at 180, it would be possible to address the shocks-the-conscience prong first. Indeed, some courts do precisely that. See <u>Hawkins v. Freeman</u>, 195 F.3d 732, 738 (4th Cir. 1999).

Initially, we note that Rochin would not be decided the same way under Graham, 490 U.S. at 395, 104 L. Ed. 2d at 454-55, 109 S. Ct. at 1871, as Graham requires a claim falling under an "explicit textual source of constitutional protection" to be resolved under that provision. In Rochin, a doctor, at the behest of the police and without the consent of the defendant, pumped a defendant's stomach by forcing an emetic solution down the defendant's throat, which caused the defendant to vomit, so that the police could recover narcotics that the defendant had swallowed. Subsequent to Rochin, the Supreme Court decided Schmerber v. California, 384 U.S. 757, 766, 16 L. Ed. 2d 908, 917, 86 S. Ct. 1826, 1833 (1966), where the Court analyzed whether the forcible taking of blood to determine blood-alcohol concentration violated the fourth amendment (U.S. Const., amend. IV). While the Schmerber Court also considered whether the due process clause had been offended, Graham now mandates that, when the fourth amendment is applicable, it alone should control the analysis. Hence, following Graham, Rochin would be a fourth amendment case.

Moreover, Dennis E. cites Rochin for the proposition that one need plead only conduct that shocks the conscience, without reference to a fundamental right, to succeed on a substantive due process claim. See Dennis E., 256 Ill. App. 3d at 349. Rochin spoke of "those personal immunities" that are so ingrained in our traditions "as to be ranked as fundamental." Rochin, 342 U.S. at 169, 96 L. Ed. at 188, 72 S. Ct. at 208. It also spoke of rights implicit in the concept of ordered liberty. Rochin, 342 U.S. at 169, 96 L. Ed. at 188, 72 S. Ct. at 208. It is sufficiently clear to us that the Rochin Court was here referring to fundamental rights. Indeed, the notion that there could be a constitutional remedy without the invasion of a constitutionally protected interest is an absurd one.

Accordingly, our answer to the certified question is that both elements must be pleaded. We remand this cause for whatever further proceedings are appropriate in the discretion of the trial court.

Certified question answered; cause remanded.

JORGENSEN and SCHOSTOK, JJ., concur.