RICHARD BEHL *et al.*, Plaintiffs-Appellants, v. GRACE HONG DUFFIN, as Acting Secretary of the Department of Human Services, *et al.*, Defendants-Appellees (Carol L. Adams *et al.*, Defendants).

Fourth District    No. 4—09—0812

Argued November 4, 2010.—Opinion filed December 10, 2010.

Mary Lee Leahy (argued), of Leahy Law Offices, of Springfield, and J. Brian Heller, of Washington, for appellants.

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Laura M. Wunder (argued), Assistant Attorney General, of counsel), for appellees.

PRESIDING JUSTICE KNECHT delivered the judgment of the court, with opinion.

Justices Steigmann and Pope concurred in the judgment and opinion.

## OPINION

In February 2007, plaintiffs, Richard Behl and Gifty Smith, filed a class-action complaint, seeking *mandamus*, injunctive relief, and damages as a result of defendants' alleged unauthorized hiring of "contractual employees." Plaintiffs maintained the Personnel Code (20 ILCS 415/1 through 25 (West 2008)) did not authorize the hiring

of contractual employees, but defendants had done so and denied those employees the benefits others received. Plaintiffs, who were contractual employees when they filed their complaint, asserted they should be reclassified as regular, full-time state employees and should be compensated for lost benefits.

In July 2008, plaintiffs filed their amended complaint and, in January 2009, a second amended complaint. In their filings, plaintiffs allege counts of *mandamus*, injunctive relief, equal protection, and due-process violations.

In March 2009, defendants moved to dismiss plaintiffs' second amended complaint under section 2—619.1 (735 ILCS 5/2—619.1 (West 2008)) of the Code of Civil Procedure (Code). Defendants argued plaintiffs' claims for prospective relief were moot as Behl and Smith were no longer contractual employees. Defendants also maintained plaintiffs' complaints fail to state a cause of action and plaintiffs' claims are barred by sovereign and qualified immunities.

In September 2009, the trial court granted defendants' motion, finding certain claims moot and determining plaintiffs failed to state a claim for equal-protection and due-process violations. Plaintiffs appeal, arguing (1) their claims are not moot; (2) they stated claims for *mandamus*, injunctive relief, equal-protection violations, and due-process violations; and (3) their claims are not barred by sovereign and qualified immunities. We affirm.

## I. BACKGROUND

Plaintiffs have filed an initial complaint, an amended complaint, and a second amended complaint. The initial complaint, filed in August 2007, set forth three counts. In January 2008, the trial court ordered defendants to answer the latter two counts ("Equal Protection and Due Process Claims" and "42 U.S.C. 1983 Claim" (42 U.S.C. §1983 (2006))) and plaintiffs to reply to the motion to dismiss on the first count ("State Law Claim"). When the court, in June 2008, dismissed the first count, the court granted plaintiffs leave to file an amended complaint and granted leave to amend the other two counts to "the extent necessary to conform to the new counts."

In July 2008, plaintiffs filed their amended complaint. Two of the counts, counts I (*mandamus*) and II (injunctive relief), were dismissed with prejudice by court order in November 2008 as moot. In the same order dismissing these counts, the trial court found the remaining counts, with respect to prospective relief, also moot but allowed plaintiffs to replead for retroactive relief. In their January 2009 second amended complaint, plaintiffs pleaded four counts. In September 2009, the court dismissed two of the counts as moot and all four for failure to state a claim.

The allegations in the class-action complaint purport the following. Plaintiff Richard Behl is an adult male resident of Illinois and a "contractual employee" working at the Illinois Department of Human Services (Human Services). Plaintiff Gifty Smith is an adult female resident of Illinois working as a "contractual employee" at Human Services. Human Services was a state department created by the Illinois Constitution and was under the Governor's jurisdiction. Plaintiffs brought this action on behalf of themselves and a class of those similarly situated, *i.e.*, "contractual employees" who work in departments under the Governor's jurisdiction.

Behl became a "contractual employee" for Human Services in February 2000. Smith began working as a "contractual employee" for Human Services in September 2001. The contracts ran from July 1 of one year to June 30 of the following year. Plaintiffs performed work also done by Illinois "regular, full-time employees." Defendants controlled the services performed by plaintiffs; set the work hours at 37.5 hours per week (the same as regular, full-time state employees); set times for work breaks; assigned the tasks to be performed; set the start and end time for each day; provided the office space, furniture, telephones, and state credit cards necessary to perform their jobs; provided state identification badges; presented plaintiffs as state employees; assigned personnel titles similar to those of regular, full-time state employees; supervised and monitored plaintiffs; and provided the same training as provided to regular, full-time state employees.

According to the complaints' allegations, "contractual employees" did not have the same benefits as regular, full-time state employees. Contractual employees did not have paid time off for holidays, illness, personal time, and vacations; health-insurance coverage; payments into the State Employees Retirement System; or the ability to apply for in-house posted state employment positions.

Two personal service contracts signed by Behl and Smith were attached to the amended complaint. According to the contracts, both plaintiffs agreed they were "not entitled to any employment benefits such as paid sick, vacation, holiday or personal leaves; retirement contributions; health and life insurance; or access to Personnel Code or Civil Service grievance procedures."

Neither Behl nor Smith continued to work as a contractual employee as of June 2008. In April 2008, Behl terminated his personal service contract with Human Services because he accepted a probationary appointment under the Personnel Code as a habilitation program coordinator with the Jacksonville Developmental Center. Smith's personal service contract expired in June 2008 and was not renewed.

Six counts are presented for our review. In count I (amended complaint), plaintiffs seek a writ of *mandamus* ordering defendants to reclassify plaintiffs as regular, full-time state employees to allow them to receive full benefits and to order defendants to provide them "full non-monetary benefits of state employment retroactively." In count II (amended complaint), plaintiffs seek injunctive relief, similar to their requests in count I. In counts III and IV (amended complaint and second amended complaint), plaintiffs assert an equal-protection claim and a due-process claim under the Illinois Constitution, seeking retroactive compensation and an order to reclassify plaintiffs and the class. In counts V and VI (second amended complaint), plaintiffs allege an equal-protection claim and due-process claim under the fourteenth amendment to our federal constitution, seeking reclassification and damages.

The trial court had not addressed the issue of class certification.

This appeal followed.

## II. ANALYSIS

### A. Standard of Review

Defendants moved to dismiss plaintiffs' claims under section 2—619.1 of the Code (735 ILCS 5/2—619.1 (West 2008)). Section 2—619.1 authorizes combined motions to dismiss for failure to state a claim (735 ILCS 5/2—615 (West 2008)) and for an involuntary dismissal based upon certain defenses (735 ILCS 5/2—619 (West 2008)). This court reviews dismissals under these sections *de novo*. See *Malcome v. Toledo, Peoria & Western Ry. Corp.*, 349 Ill. App. 3d 1005, 1006, 811 N.E.2d 1199, 1201 (2004) (section 2—615); *Saichek v. Lupa*, 204 Ill. 2d 127, 134, 787 N.E.2d 827, 832 (2003) (section 2—619).

### B. Mootness

■ Plaintiffs first contend the trial court erred in finding their claims moot. Illinois courts, as a general rule, "do not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how those issues are decided." *In re Alfred H.H.*, 233 Ill. 2d 345, 351, 910 N.E.2d 74, 78 (2009). In this case, plaintiffs seek to be classified as regular state employees. Since the filing of the complaint, plaintiff Behl was hired pursuant to the Personnel Code. Plaintiff Smith, no longer a contractual employee, is no longer eligible to be classified as a regular state employee. The issue of whether plaintiffs should be classified as regular state employees will have no effect. Plaintiffs' claims for prospective relief are moot. See *In re Marriage of Peters-Farrell*, 216 Ill. 2d 287, 291, 835 N.E.2d 797, 799 (2005).

The true issue in this case is whether an exception to the mootness doctrine applies. Plaintiffs contend four exceptions apply: (1) the

public-interest exception, (2) the capable-of-repetition-yet-avoiding-review exception, (3) the collateral-consequences exception, and (4) the inherently transitory exception. Plaintiffs also emphasize defendants have the ability to render any named plaintiff's case moot by either hiring a plaintiff as a regular employee or by not renewing an employment contract.

Plaintiffs contend the public-interest exception applies. This exception permits a court to consider a moot case when (1) the issue is one of a public nature; (2) a need for an authoritative determination for the future guidance of public officers exists; and (3) a future recurrence of the question is likely. *Alfred H.H.*, 233 Ill. 2d at 355, 910 N.E.2d at 80. Courts construe the public-interest exception narrowly, and each criterion must be clearly shown. *Alfred H.H.*, 233 Ill. 2d at 355-56, 910 N.E.2d at 80.

Plaintiffs provide no authority supporting their claims these criteria exist in this case. They simply argue the issue whether defendants employ individuals inconsistent with the Personnel Code is of a public nature, government officials need future guidance, and contractual employees will likely be hired in the future. Without citations to relevant authority supporting their claims, plaintiffs have forfeited this argument (see *In re Estate of Thorp*, 282 Ill. App. 3d 612, 616, 669 N.E.2d 359, 362 (1996)) and failed to establish the " 'issue is of sufficient breadth, or has a significant effect on the public as a whole, so as to satisfy the substantial public nature criterion' " (*Alfred H.H.*, 233 Ill. 2d at 355, 357, 910 N.E.2d at 81 (quoting *Felzak v. Hruby*, 226 Ill. 2d 382, 393, 876 N.E.2d 650, 658 (2007))).

Plaintiffs next contend the capable-of-repetition-yet-avoiding-review exception applies. This exception has two elements: (1) the challenged action must be of a duration too short to be fully litigated before its cessation; and (2) there must be a reasonable expectation " 'the same complaining party would be subjected to the same action again.' " *Alfred H.H.*, 233 Ill. 2d at 358, 910 N.E.2d at 82 (quoting *In re Barbara H.*, 183 Ill. 2d 482, 491, 702 N.E.2d 555, 559 (1998)). Plaintiffs cannot satisfy the second element. In their opening brief, plaintiffs acknowledge it is unlikely Behl would work as a contractual employee in the future as he accepted a certified position under the Personnel Code. Plaintiffs assert Smith "could" do so, but "could" does not create a reasonable expectation Smith will be in the same situation again.

Plaintiffs stress "the important thing to note" is defendants should not be allowed to create mootness on this issue forever. Plaintiffs have not cited any authority to show how this exception would apply to a named plaintiff's claim that is moot when other

potential class members' claims are not moot. In addition, plaintiffs have not alleged facts that show a nefarious intent on defendants' behalf. One of the named plaintiffs was given the regular employment he sought. The other's contract was simply not renewed.

Plaintiffs further maintain the collateral-consequences exception applies. This exception permits appellate review, "even though a court order or incarceration has ceased, because a plaintiff has ' "suffered, or [is] threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." ' " *Alfred H.H.*, 233 Ill. 2d at 361, 910 N.E.2d at 83 (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998), quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). Plaintiffs simply state they suffered an actual injury, denial of health-insurance coverage, days off, retirement benefits, and so on, as a result of defendants' conduct. The manner in which plaintiffs argue suggests no case would be moot. In addition, plaintiffs cite no "court order" or "incarceration" that created a collateral injury. This exception does not apply.

Last, plaintiffs argue the "inherently transitory" exception applies. This exception has two elements: "(1) it is uncertain that a claim will remain live for any individual who could be named as a plaintiff long enough for a court to certify the class; and (2) there will be a constant class of persons suffering the deprivation complained of in the complaint." *Olson v. Brown*, 594 F.3d 577, 582 (7th Cir. 2010). Plaintiffs rely on *Olson*, a case in which the plaintiff filed a class action against the county jail where he was held. The plaintiff was transferred before the issue of certification was reached. The court, concluding the average length of stay for the inmates was 139 days, determined the above exception applied. *Olson*, 594 F.3d at 579, 583.

Plaintiffs cannot establish the first element of this exception. According to the allegations in the complaint, the contracts run yearly and can be renewed. In Behl's case, he worked as a contractual employee for over eight years. Given the allegation there are "numerous" class members (780 in the Department of Human Services alone) and facts showing the contracts may be renewed, plaintiffs cannot establish "it is uncertain that a claim will remain live for any individual who could be named as a plaintiff long enough for a court to certify the class." *Olson*, 594 F.3d at 582.

Plaintiffs' other cases are also unconvincing. For example, *Slimack v. Country Life Insurance Co.*, 227 Ill. App. 3d 287, 289, 591 N.E.2d 70, 72 (1992), concerned class certification, not mootness. Plaintiffs also cite *Cannata v. Forest Preserve District*, No. 06C2196, 2006 WL 2927604 (N.D. Ill. Oct. 11, 2006) (unpublished opinion). This cite does not show what plaintiffs purport it shows. Nevertheless,

plaintiffs' summary of the case shows the class had been certified before the issue of standing arose.

## C. *Mandamus* and Injunctive Relief

Plaintiffs assert their *mandamus* and injunctive-relief counts present the same legal issue: whether defendants have the authority to use "contractual employees." Plaintiffs maintain the Personnel Code mandates "[a]ll offices and positions of employment in the service of the State of Illinois shall be subject to the provisions of this Act unless exempted in this or any other Act" (20 ILCS 415/4 (West 2008)) but does not exempt "contractual employees." Plaintiffs contend because contractual employees do the same work as other regular employees hired under the Personnel Code and the Personnel Code requires all state "employees" fall within its protections, they are entitled to the benefits.

Defendants maintain plaintiffs failed to state a cause of action for both *mandamus* and injunctive relief. Defendants argue because plaintiffs' claims for prospective relief are moot, they only seek damages—an improper remedy for *mandamus* and injunctive-relief causes of action. In addition, defendants maintain plaintiffs cannot establish the elements for each cause of action because the Personnel Code does not clearly limit the State's authority to enter such contracts and the legislature, in other statutes, contemplates use of such contracts. Defendants also emphasize the Personnel Code's hiring procedures, which include testing and veteran preferences, gives the hiring official discretion on whom, if anyone, is hired.

### 1. *Mandamus*

■ *Mandamus* is an extraordinary remedy. Its purpose is to require, as a matter of right, a public officer to perform official duties when no exercise of discretion is involved. *Burris v. White*, 232 Ill. 2d 1, 7, 901 N.E.2d 895, 898 (2009). "In a *mandamus* proceeding, damages are not allowed unless the trial court issues the writ." *Hatch v. Szymanski*, 325 Ill. App. 3d 736, 741, 759 N.E.2d 585, 590 (2001).

Because we have found plaintiffs' request for prospective relief is moot, we need only address the *mandamus* cause of action as applied to plaintiffs' request for retroactive relief. We agree with defendants' assertion the retroactive benefits plaintiffs seek, "full non-monetary benefits of state employment retroactively," is essentially a claim for damages. The state benefits plaintiffs assert are denied to contractual employees are paid time off for holidays, illness, personal time, and vacations; health-insurance coverage; payments into the State Employees Retirement System; and the ability to apply for in-house posted state employment positions. All but one of these listed benefits

can be compensated through money damages. The last benefit mentioned is, on its face, too speculative and tenuous to set either a money-damages figure or to provide any sort of equitable relief.

Given our conclusion plaintiffs' claims for prospective relief are moot and the fact plaintiffs are left with a claim for damages, *mandamus* is inappropriate. Plaintiffs fail to state a *mandamus* claim.

### 2. *Injunctive Relief*

■ Like *mandamus*, an injunction is an extraordinary remedy. *Tamalunis v. City of Georgetown*, 185 Ill. App. 3d 173, 189, 542 N.E.2d 402, 413 (1989). Injunctive relief will be granted after a plaintiff proves "the existence of a lawful right, irreparable harm, and an inadequate remedy at law." *Tamalunis*, 185 Ill. App. 3d at 189, 542 N.E.2d at 413.

It is well settled " '[i]rreparable harm does not mean injury that is beyond repair or beyond compensation in damages but[,] rather[,] denotes transgressions of a continuing nature.' " *Hadley v. Department of Corrections*, 362 Ill. App. 3d 680, 688, 840 N.E.2d 748, 756 (2005) (quoting *Tamalunis*, 185 Ill. App. 3d at 190, 542 N.E.2d at 413).

Plaintiffs failed to state a claim for injunctive relief. Because plaintiffs are no longer contractual employees, there are "no transgressions of a continuing nature" by denying them access to the benefits of the Personnel Code for that reason. In addition, the alleged retroactive harm, denial of benefits while contractual employees, can be redressed by money damages. " '[I]f a party's injury can be adequately compensated through money damages, then it has an adequate remedy at law and does not need the extraordinary remedy of injunctive relief.' " *People ex rel. Madigan v. Excavating & Lowboy Services, Inc.*, 388 Ill. App. 3d 554, 565-66, 902 N.E.2d 1218, 1229 (2009) (quoting *Lumbermen's Mutual Casualty Co. v. Sykes*, 384 Ill. App. 3d 207, 230-31, 890 N.E.2d 1086, 1106 (2008)).

Plaintiffs' case, *Farmer v. McClure*, 172 Ill. App. 3d 246, 526 N.E.2d 486 (1988), is distinguishable. *Farmer* involves an apprehension specialist with the Illinois Department of Corrections who was wrongfully terminated. *Farmer*, 172 Ill. App. 3d at 247, 526 N.E.2d at 488. An order of *mandamus* and injunctive relief gave the specialist the prospective relief he sought, as well as an award of back pay. *Farmer*, 172 Ill. App. 3d at 247, 526 N.E.2d at 488. Prospective relief cannot be afforded here.

### D. Equal-Protection Claims

#### 1. *Waiver*

We begin the analysis of these claims by first addressing plaintiffs' contention defendants forfeited any defect in plaintiffs' state-law

equal-protection claim and due-process claim. Plaintiffs argue because defendants answered these counts, they may not now claim they are deficient.

■ In general, when a trial court denies a motion to dismiss a complaint and the defendant elects to file an answer, the defendant forfeits any defect in the pleading. *Adcock v. Brakegate, Ltd.*, 164 Ill. 2d 54, 60, 645 N.E.2d 888, 893 (1994). However, a defendant, at any time, may raise a claim the complaint fails to state a cause of action. *Adcock*, 164 Ill. 2d at 61, 645 N.E.2d at 893.

Under *Adcock*, defendants' claims are not forfeited. We further note forfeiture is not a limitation on the courts; we may ignore forfeiture to achieve a just result. See *In re Atul R.*, 382 Ill. App. 3d 1164, 1169, 890 N.E.2d 695, 699 (2008). Here, an application of forfeiture would not be just. After defendants were *ordered* to answer these counts of the initial complaint, events occurred that made many of plaintiffs' claims moot. Given defendants did not elect to answer plaintiffs' complaint and the termination of the personal service contracts, we would not apply forfeiture.

## 2. *Merits*

In counts III and V, plaintiffs set forth equal-protection claims. In count III, their claims are based on the Illinois Constitution, while, in count V, their claims are based on federal law.

■ Plaintiffs argue no reasonable and identifiable government objective is advanced by allowing defendants to deny plaintiffs the employee benefits the State is required to give all employees who perform the same jobs that plaintiffs performed. Plaintiffs maintain the decision to hire some employees using the personal service contracts and others under the Personnel Code is random. This, plaintiffs maintain, violates equal protection. Plaintiffs also argue the distinction defendants claim renders plaintiffs not similarly situated is the very classification plaintiffs contend violates equal protection. Plaintiffs maintain this difference adds nothing to the argument.

Defendants maintain plaintiffs cannot establish they are similarly situated with employees hired under the Personnel Code. Defendants point out plaintiffs maintain they should be able to receive all the benefits of state employment while being allowed to bypass the competitive-selection procedures. Plaintiffs, according to defendants, chose to become personal service contractors and are thus not similarly situated to those hired under the Personnel Code.

Equal protection guarantees similarly situated individuals shall be treated in a similar fashion, unless the government can show a proper reason to treat those individuals differently. *People v. Whitfield*, 228

Ill. 2d 502, 512, 888 N.E.2d 1166, 1172 (2007). When fundamental rights are not at issue, we will apply the rational-basis scrutiny and consider whether the classification bears a rational relationship to a legitimate governmental purpose. *Whitfield*, 228 Ill. 2d at 512, 888 N.E.2d at 1172.

In this case, the parties dispute whether plaintiffs are similarly situated to employees hired under the Personnel Code. We agree with defendants and the trial court and find they are not.

To be hired under the Personnel Code, a candidate must participate in "open competitive examinations" to "test the relative fitness of applicants." 20 ILCS 415/8b.1 (West 2008). Lists are compiled with "the names of successful candidates in order of their relative excellence in respective examinations." 20 ILCS 415/8b.3 (West 2008). Veterans are given a preference to bolster their eligibility ratings in relation to nonveterans. 20 ILCS 415/8b.7 (West 2008). The final selection may be made from the three highest-ranking candidates, the highest-ranking group, or from the next lower ranking group if the highest-ranking group does not contain at least three candidates. 20 ILCS 415/8b.5 (West 2008). The hired individuals are subject to a probationary period of between six months and one year. 20 ILCS 415/8b.6 (West 2008). Upon completion of a successful probationary period, an employee becomes certified. 80 Ill. Adm. Code 302.150(f), as amended by 30 Ill. Reg. 18270, 18278 (eff. Nov. 13, 2006).

There are no such requirements to be hired as a contractual employee, and no rule or law prevents plaintiffs from applying for positions under the Personnel Code. Given these circumstances, equal protection does not require these employees be treated similarly. Plaintiffs fail to state a claim for equal-protection violations.

Plaintiffs' cited case, *Lindsey v. Normet*, 405 U.S. 56 (1972), is distinguishable. Contrary to plaintiffs' assertion, the case does not group tenants and landlords together as similarly situated. Instead, the court found a double-bond requirement for appealing a forcible entry and wrongful detainer action violates equal protection when the requirement in other civil cases was for only one bond. See *Lindsey*, 405 U.S. at 74-79.

### E. Due Process

Plaintiffs allege two due-process causes of action: count IV and count VI. In count IV, plaintiffs allege violations of the Illinois Constitution. In count VI, they allege violations of the federal constitution.

Plaintiffs argue they have stated claims for both procedural and substantive due process. "[P]rocedural due process governs the

procedures employed to deny a person's life, liberty or property interest, [while] substantive due process limits the state's ability to act, irrespective of the procedural protections provided." *In re Marriage of Miller*, 227 Ill. 2d 185, 197, 879 N.E.2d 292, 300 (2007). To plead a procedural-due-process claim, plaintiffs must show (1) a life, liberty, or property interest; (2) a deprivation of that property interest; and (3) insufficient "notice and opportunity for hearing appropriate to the nature of the case." (Internal quotation marks omitted.) *Passalino v. City of Zion*, 237 Ill. 2d 118, 124, 928 N.E.2d 814, 818 (2009) (quoting *Jones v. Flowers*, 547 U.S. 220, 223 (2006)).

■ Plaintiffs assert their rights to procedural due process were denied because they were not treated as employees under the Personnel Code. Plaintiffs maintained, "[s]ince [d]efendants deprived [p]laintiffs of these benefits *required* by state law for all 'non-exempted' employees, [p]laintiffs were deprived of property and their due process rights were violated." (Emphasis in original.) In making this argument, plaintiffs do not assert they were not given a proper hearing or notice. It is better defined as a claim for substantive due process.

Turning to the substantive-due-process claim, while the parties have clearly set forth the test for the procedural-due-process claim, the question of the prerequisites for a substantive-due-process claim is more problematic. All of the cases cited by the parties involving the test for whether government action violates substantive due process involve a legislative enactment. See, *e.g.*, *General Auto Service Station v. City of Chicago*, 526 F.3d 991, 1000 (7th Cir. 2008) (zoning ordinance); *Yoder v. Ferguson*, 381 Ill. App. 3d 353, 379, 885 N.E.2d 1060, 1081-82 (2008) (statute); *Russell v. Department of Natural Resources*, 183 Ill. 2d 434, 447, 701 N.E.2d 1056, 1062 (1998) (administrative regulation). Here, plaintiffs do not contend the Personnel Code, when enforced, results in a violation of substantive due process. Instead, plaintiffs maintain defendants' conduct in hiring contractual employees violates substantive due process.

At least one Illinois court has held a different standard applies when executive action, as opposed to legislative conduct, is involved. See *Karabetsos v. Village of Lombard*, 386 Ill. App. 3d 1020, 1021-22, 899 N.E.2d 402, 405 (2008). In *Karabetsos*, the Second District quoted language from *Nicholas v. Pennsylvania State University*, 227 F.3d 133, 142 (3d Cir. 2000), identifying the differences between a substantive-due-process claim involving executive, rather than legislative, action:

"[W]hen a plaintiff challenges the validity of a legislative act, substantive due process typically demands that the act be rationally

related to some legitimate government purpose. In contrast, when a plaintiff challenges a non-legislative state action (such as an adverse employment decision), we must look, as a threshold matter, to whether the property interest being deprived is 'fundamental' under the Constitution. If it is, then substantive due process protects the plaintiff from arbitrary or irrational deprivation, regardless of the adequacy of procedures used. If the interest is not 'fundamental,' however, the governmental action is entirely outside the ambit of substantive process ***." *Nicholas*, 227 F.3d at 142. See also *Karabetsos*, 386 Ill. App. 3d at 1022, 899 N.E.2d at 405. In addition to pleading a fundamental right, a plaintiff must plead the executive action infringing upon that right was "so egregious as to shock the conscience." *Karabetsos*, 386 Ill. App. 3d at 1023, 899 N.E.2d at 406.

In their opening brief, plaintiffs admit "no fundamental constitutional right is implicated." This admission alone, under *Karabetsos*, undermines plaintiffs' substantive-due-process claims.

However, regardless of which substantive-due-process test applies and whether plaintiffs make a procedural-due-process argument, the underlying due-process issue is whether plaintiffs were deprived of a protected interest in property. *American Manufacturers Mutual Insurance Co. v. Sullivan*, 526 U.S. 40, 59 (1999) ("The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.' "). Plaintiffs' allegations do not establish they were deprived of a protected property interest.

To have a property interest in a benefit, a person must show a legitimate claim of entitlement to it. *Suburban Downs, Inc. v. Illinois Racing Board*, 316 Ill. App. 3d 404, 413, 735 N.E.2d 697, 704 (2000). "A legitimate claim of entitlement may arise from statute, regulation, municipal ordinance, or express or implied contract." *Suburban Downs*, 316 Ill. App. 3d at 413, 735 N.E.2d at 704.

Here, the Personnel Code does not authorize giving plaintiffs, who were not hired pursuant to the Personnel Code, the benefits they seek. The Personnel Code only authorizes such benefits for those who completed the stringent hiring requirements. Plaintiffs, upon entering the personal-service contracts, agreed they were not entitled to such benefits. Plaintiffs thus have no property interest in the benefits. Having set forth no property interest of which they were deprived, plaintiffs fail to state a claim for due-process violations.

Plaintiffs' argument defendants' actions in not following hiring procedures deprived them of their statutory rights carries no weight. Plaintiffs voluntarily entered into the personal-service agreements

and were not denied the opportunity to apply for positions under the Personnel Code. Plaintiffs benefitted by receiving employment without going through the exacting hiring process required by the Personnel Code.

Plaintiffs' authority is not convincing. While *Lewis v. Giordano's Enterprises, Inc.*, 397 Ill. App. 3d 581, 595, 921 N.E.2d 740, 751 (2009) (finding "releases signed by putative class members earning less than minimum wage \*\*\* are void as a matter of law"), and section 2 of the Minimum Wage Law (820 ILCS 105/2 (West 2008)) show certain statutory protections of employees may not be waived, neither establishes employees not hired pursuant to the strictures of the Personnel Code are entitled to benefits under the Personnel Code. Moreover, in *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 431 (1982), the complainant had a property interest, whereas, here, no such interest exists.

Having determined the complaints were properly dismissed as moot and for failing to state a claim, we need not address defendants' immunities arguments.

Plaintiffs contend the executive branch of government is doing something it should not be allowed to do—hiring contractual employees entirely outside the Personnel Code. Plaintiffs believe hundreds, perhaps thousands, of contractual employees are working throughout state government. References to contractual employees in other statutes suggests the legislature is aware of this practice.

We reject the arguments in this case for the reasons stated but believe the matter should be addressed by the legislature to avoid serious problems or abuse of the hiring process in the future.

## III. CONCLUSION

For the stated reasons, we affirm the trial court's judgment.

Affirmed.